UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-671-FDW

| | |
|---|---|
| BRADLEY LEAK,<br><br>   Plaintiff,<br><br>vs.<br><br>NC DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 2).

 **I. BACKGROUND**

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the New Hanover Correctional Center addressing incidents that allegedly occurred at the Gaston C.C. and Foothills Correctional Institution. He names as Defendants: NCDPS, Gaston C.C., Foothills C.I., Assistant Superintendent of Gaston C.C. B. Burton, Transfer Coordinator of Gaston C.C. Craig Davis, and Program Director at Foothill C.I. Larry Williamson.

Liberally construing the Complaint and accepting the allegations as true, Defendant Davis intentionally put Plaintiff on "backlog" to Foothill C.I. even though Plaintiff did not put in a transfer to Foothills. This was done in retaliation for Plaintiff filing a civil rights lawsuit in this Court. He appears to allege that he experienced the intentional infliction of emotional distress from being transferred among five prisons in Western North Carolina. (Doc. No. 1 at 5). Plaintiff alleges *verbatim:*

1

> I went to Mr. Burton on 12-4-17 and he told me that I was backlog to Foothill C.C. I didn't know that until he told me. He admitted to me, and I told him that I didn't put in a transfer to Foothills so Mr. Burton call Mr. Davis to see why so as he had Mr. Davis on speaker, Mr. Davis to Assistant Superintendent Mr. Burton that we need him (me) away from here.

(Doc. No. 1 at 3, 19).

The "Injury" section of the Complaint is blank. (Doc. No. 1 at 3). However, Plaintiff states that he saw doctors on August 25, 2017, September 27, 2017, February 2 and 21, 2018, in April 2018 and in July 2018 due to the "emotion and outrageous conduct" he has endured. (Doc. No. 1 at 19). Plaintiff appears to seek compensatory and punitive damages for his emotional distress due to "evil intent" by prison officials. (Doc. No. 1 at 19).

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

The Federal Rules of Civil Procedure require a short and plain statement of the case. Fed.

R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)** **Parties**

The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth

3

Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Further, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

Plaintiff names as Defendants NCDPS and two correctional institutions. They are not "persons" under § 1983 and are protected by sovereign immunity. Therefore, the claims against NCDPS, Gaston C.C. and Foothills C.I. will be dismissed with prejudice.

**(2)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See Am. Civil Libs. Un. of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct."

4

Adams, 40 F.3d at 74.

Plaintiff alleges that Defendants Burton and Davis transferred him out of Gaston C.C. to Foothills C.I. in retaliation for filing a civil rights suit. He does not make any allegations against Defendant Williamson and does not explain how any of the Defendants were involved in his transfer among the three other facilities. Nor does he adequately allege that the transfers would not have happened but for the Defendants' retaliatory motive.

Even if Plaintiff had adequately stated a claim of retaliation against Defendants Burton, Davis, and Williamson, his retaliation claims would still be subject to dismissal because he only seeks monetary damages and he has failed to allege any physical injury. The plain text of the Prison Litigation Reform Act ("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a "sexual act." 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury.").

Plaintiff appears to seek only compensatory and punitive damages, and he alleges that he saw several doctors for his emotional distress, but he does not claim that he suffered any physical injury or sexual act. Therefore, his claims for damages are barred by § 1997e(e).[1]

---

[1] Plaintiff does not appear to seek any injunctive relief. Even if he had done so, such a claim would be moot. In the grievance documents that Plaintiff has attached to his Complaint, he asks that he not be transferred back to Foothills C.C. or any other facility in the Western area. (Doc. No. 1 at 15). Plaintiff's address of record is at the New Hanover C.C. in New Hanover County, which is in the Eastern District of North Carolina.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is insufficient to proceed and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 42 U.S.C. § 1997e(e). The dismissal is with prejudice as to NCDPS, Gaston C.C., and Foothills C.I., and without prejudice as to Defendants Burton, Davis, and Williamson.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 42 U.S.C. § 1997e(e) with prejudice as to NCDPS, Gaston C.C. and Foothills C.I., and is without prejudice as to Defendants Burton, Davis, and Williamson.
2. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.
3. The Clerk of Court is directed to close this case.

Signed: February 5, 2019

Frank D. Whitney
Chief United States District Judge